**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-22-528-002-F |
| | ) | |
| RAMIRO DIAZ-RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant Ramiro Diaz-Ramos, proceeding *pro se*, has filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1]  Doc. no. 87. Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 90.  The matter is at issue.

On April 4, 2023, defendant pleaded guilty, pursuant to a plea agreement, to a one-count Superseding Information, charging defendant with possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1). Thereafter, the Probation Office prepared a final presentence investigation report. Doc. no. 71.  The Probation Office calculated defendant's base offense level at 38. Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(12) because he maintained a premises for the purpose of manufacturing or distributing a

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

controlled substance, and a two-level reduction under U.S.S.G. § 5C1.2(a) because he met the safety value criteria, resulting in an adjusted offense level of 38.  Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 35.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 35 and a criminal history category of I, defendant's advisory sentencing guideline imprisonment range was 168 months to 210 months.

At sentencing, the court adopted the final presentence investigation report with the following change: "The total offense level is adjusted to 29, in accordance with the Court following the plea agreement and the [U.S.S.G. §] 4C1.1 amendment that took effect on November 1, 2023.  Guideline range is now 87-108 months." The court varied downward from the new guideline imprisonment range of 87 months to 108 months and sentenced defendant to a term of imprisonment of 80 months.  Judgment was entered on November 30, 2023.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, <u>United States v. Battle</u>, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 88), the court finds that defendant is not eligible for a sentence reduction. Defendant was sentenced after the effective date of Amendment 821. He received the benefit of the two-level adjustment as a zero-point offender. Defendant is not eligible for any further reduction. Therefore, the court concludes that defendant's motion should be dismissed.

Accordingly, Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (doc. no. 87) is **DISMISSED**.

IT IS SO ORDERED this 12th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0528p014 (Diaz-Ramos).docx